UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
NOV 14 2007

| | | |
|---|---|---|
| JAMES FISHER, | * | CIV 07-4062 |
| Petitioner, | * | |
| | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER |
| WARDEN WHITEHEAD, | * | |
| Respondent. | * | |

James Fisher, an inmate at the Federal Prison Camp ("FPC") in Yankton, South Dakota, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons discussed below, the writ will be denied.

## BACKGROUND

On November 18, 2005, Petitioner was sentenced in the United States District Court for the Western District of New York to 30 months of imprisonment followed by three years of supervised release for Possession with Intent to Distribute 5 Grams or More of Cocaine Base.

In July 2006, Petitioner began participating in the 500-hour Residential Drug Abuse Program ("RDAP") at the Federal Prison Camp in Yankton, South Dakota. Copies of the records from Petitioner's treatment in the RDAP are attached to the Declaration of Dr. Nicholas Larma, Ph.D., the coordinator of the RDAP at the Yankton Prison Camp.[1] The Court has carefully reviewed Petitioner's records. On October 26, 2006, a Drug Treatment Specialist reviewed Petitioner's progress in the RDAP:

---

[1] According to Dr. Larma, the Bureau of Prisons ("BOP") maintains psychology records in a computerized Psychology Data System ("PDS").

> Fisher appears disinterested in treatment. He was late repeatedly for wellness and other phases of treatment without any regret or care in the world. . . has been tardy again and regularly have to go and find him, tends to wander quite a bit. Very laissez faire approach with evidence of significant complacency. He was a judge for a rational self analysis and did not evidence much learning after considerable time spent in this module. He was caught sleeping repeatedly. . . He does not appear to be making effective use of program material to effectuate change, displays a negative attitude on a regular basis. . . Just not very motivated in treatment, marginally satisfactory progress and participation levels for the rated period.

A Psychology Data Service ("PDS") entry dated December 6, 2006 states:

> Fisher showed up a half hour late for content session, and initially tried to justify this behavior saying that one other inmate was in the shower ahead of him. We had already addressed the inmate code concerning showers and he agreed to correct his complacent attitude towards timeliness. He has been repeatedly counseled, once resulting in him being returned to his work detail and initially he argued and tries to justify same. Thirty minutes was subtracted from his treatment time and he was advised of further repercussions should this habit persist.

Records of subsequent reviews and counseling sessions dated January through April of 2007 reveal that Petitioner continued to have difficulties complying with requirements of the RDAP. His negative attitude and problematic behavior did not improve. Finally, in April, Dr. Larma told Petitioner that he should be remediated to another treatment group because his progress was not commensurate with his class being eight months into treatment. Petitioner's projected release date is March 21, 2008. Being remediated to a different group would result in Petitioner finishing the program later and receiving less time off his sentence than if he had successfully completed the RDAP with his original group. Petitioner indicated he saw no reason to participate in the RDAP if he would receive less time off his sentence, and he decided to withdraw from treatment altogether. On April 16, 2007, Petitioner signed a Change in Drug Abuse Status form and formally withdrew from the RDAP.

Petitioner admits there was a 45-day period when he was under stress and lost focus, but he claims that his behavior did not justify being discharged from the RDAP. Petitioner also admits he voluntarily resigned from the RDAP, but he claims he was given an "ultimatum" to withdraw or

receive other harsh punishments. He requests an order reinstating him into the RDAP and giving him time off of his sentence.

Respondent contends that this petition should be denied on the merits because the BOP appropriately decided to have Petitioner repeat certain aspects of the RDAP.[2] Respondent further argues that Petitioner's writ should be denied because he does not have a right to early release even if he were to successfully complete the RDAP.

## DISCUSSION

28 U.S.C. § 2241 provides relief for prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." Petitioner claims "entitlement" to the benefits of the RDAP and asserts that the BOP arbitrarily decided he needed extra time in the program, which inevitably deprived him of a one-year reduction in his sentence. Assuming for the sake of argument that Petitioner has a constitutionally cognizable liberty interest in participating in the RDAP, the record shows that the BOP did not act in contravention of Petitioner's rights. Petitioner was given a chance to participate in the program and to take full advantage of the rehabilitative process. The BOP records show that the treatment process was difficult for Petitioner. His well-documented problems eventually led to a recommendation that he re-take some of the classes. Petitioner himself admits that he was not expelled from the RDAP. Under the circumstances in this case, the Court cannot find that the BOP violated Petitioner's constitutional rights by requiring him to move to a different group and to re-do some of the RDAP classes.

---

[2]Respondent also contends that the petition should be dismissed based on Petitioner's failure to exhaust his administrative remedies. The BOP has a three-level administrative remedy process which must be exhausted before an inmate can bring an action in federal court. See 28 C.F.R. § 542 et seq.; United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000). The Court finds that exhaustion would be futile in this case. Petitioner's projected release date is March 21, 2008. If he were required to exhaust his administrative remedies, it might be too late for him to benefit from early release if found to be warranted. The Court will excuse Petitioner's failure to exhaust and will address the merits of his claims.

3

Petitioner's claim that the BOP violated his constitutional rights by denying him a reduction of his term of imprisonment also fails. The statute authorizing the BOP to grant sentence reductions of up to one year for those who successfully complete the 500-hour RDAP is permissive:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C.A. § 3621(e)(2)(B). As stated by the Supreme Court, "When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241 (2001). *See also Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000) (language of statute allowing early release upon completion of treatment program is permissive and does not guarantee eligible inmates early release). Because the BOP has discretion whether to grant a sentence reduction after successful completion of drug treatment, there is no liberty interest in early release and no violation of Petitioner's due process rights has occurred in this case. For these reasons, Petitioner's § 2241 will be denied. Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2241 is denied.

Dated this 14th day of November, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
(SEAL)

4